JjJONES, Judge.
Claimant/appellant, Richard Leeman, appeals the judgment of the Workers’ Compensation Judge (WCJ), dismissing his claim for benefits under the Louisiana Workers’ Compensation Act. The WCJ found Leeman disqualified for benefits because he had failed to prove that his intoxication was not a contributing cause of his work-related accident. After a review of the record, we affirm.

FACTS

Leeman filed a disputed claim for worker’s compensation benefits with the Office of Worker’s Compensation. In his claim, Leeman alleged that while he was in the course and scope of his employment with Triple E Transport, Inc., he sustained a compensable injury when his tractor-trailer went into a ditch in Jefferson Davis Parish. Leeman argues that although all his medical expenses were paid, his employer failed to pay him workers’ compensation benefits.
According to Leeman’s testimony, the incident happened on March 8, 1996, at or aroúnd 6:00 a.m. in Sulphur, Louisiana, when he attempted to make a right turn onto the eastbound ramp on Interstate 10 from U.S. 165. , Leeman testified that when he made the right "turn, he testified that the frame of the container he was hauling struck the tractor-trailer frame and caused the tractor-trailer to fall into a | j>.near-by ditch. Leeman testified that the “fifth wheel” on the tractor-trailer caused the vehicle to overturn. As a result of the accident, Leeman sustained a closed-head injury, and a loss of consciousness. Lee-man was subsequently transported to Lake Charles Memorial Hospital by ambulance. Lake Charles Memorial Hospital performed two drug screens on Leeman, which tested positive for cocaine. The officer who investigated the accident scene also ordered a blood test to be conducted. However, the blood tests results were negative for cocaine.
Following trial, the WCJ dismissed Lee-man’s claim after concluding that Lee-man’s employer had proven by a preponderance of the evidence that the claimant operated the vehicle while under the influence of á controlled substance, to wit, cocaine. The WCJ further concluded that Leeman’s intoxication was a contributing cause of the accident under La. R.S. 23:1081. It is from this judgment that the claimant appeals.

DISCUSSION

In his sole assignment of error, Leeman argues that the WCJ erred in dismissing his claim for benefits because the employer failed to prove by a preponderance of the evidence that his drug usage was a cause of the accident.
At trial, Leeman introduced into evidence the blood test results of the Louisiana State Police Crime Laboratory as an indication that he was not intoxicated on the date of the accident. Triple E- attacked the crime lab report, and argued that while the blood sample was taken on March 8, 1996, and placed in the evidence drop box in Jefferson Davis Parish, the toxicology test was not performed until March 25, 1996, three weeks later. Triple E also argued that the delay in the testing procedure allowed any illegal substance in the blood to decompose so as to |3give a negative test result. Thus, Triple E argues that the results of this drug test were unreliable.
Moreover, Triple E argues that both Dr. Dean Moore’s consultation report, and the drug screen conducted by Dr. Brian Heinen, revealed that Leeman had cocaine in his blood stream on the date of the accident. Further, Triple E argues that Lee-man admitted to ingesting drugs approximately 14 days prior to the accident, and that he had been an active user of illegal drugs for over 17 years. Thus, Triple E concludes that the trial court was correct in concluding that Leeman was not entitled to worker’s compensation benefits because *91 his intoxication contributed to the cause of the accident. We agree.
Factual findings in worker’s compensation cases are subject to the manifest error or clearly wrong standard of review. Seal v. Gaylord Container Corp., 97-0688 (La.12/2/97), 704 So.2d 1161, 1164; Rareshide v. Mobil Oil Corp., 97-1376 (La.App. 4 Cir. 4/22/98), 719 So.2d 494, writ denied, 98-1595 (La.10/9/98), 726 So.2d 28. Under the manifest error/clearly wrong standard of review, the appellate court need only determine whether the factfin-der’s conclusion was a reasonable one. Rareshide, 719 So.2d at 499. Where two permissible views of the evidence exits, a factfinder’s choice between the two views can never be manifestly erroneous or clearly wrong. See Banks v. Industrial Roofing & Sheet Metal Works, 96-2840 (La.7/1/97), 696 So.2d 551, 556.
La. R.S. 23:1081 reads in pertinent part as follows:
(1) No compensation shall be allowed for an injury caused:
[[Image here]]
(b) by the injured employee’s intoxication at the time of the injury, unless the employee’s intoxication resulted from activities which |4were in pursuit of the employer’s interests or in which the employer procured the intoxicating beverage or substance and encouraged its use during the employee’s work hours,
ifr :¡< sfc ^
(2) In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for any cause or reason set forth in this Subsection, the burden of proof shall be upon the employer.
[[Image here]]
(3) For purposes of proving intoxication, the employer may avail himself of the following presumptions:
* * * *
(4)If there was, at the time of the accident, evidence of either on or off the job use of a nonprescribed controlled substance as defined in 21 U.S.C. 812, Schedules I, II, III, IV, and V, it shall be presumed that the employee was intoxicated.
?¡s & ‡
(7)(a) For purposes of this Section, the employer has the right to administer drug and alcohol testing or demand that the employee submit himself to drug and alcohol testing immediately after the alleged job accident.
[[Image here]]
(8) In order to support a finding of intoxication due to drug use, and a presumption of causation due to such intoxication, the employer must prove the employee’s use of the controlled substance only by a preponderance of the evidence. In meeting this burden, the results of the employer-administered tests shall be considered admissible evidence when those tests are the result of the testing for drug usage done by the employer pursuant to a written and promulgated substance abuse rule or policy established by the employer.
* * * *
(12) Notwithstanding any language to the contrary, once the employer has met the burden of proving intoxication at the time of the accident, it shall be presumed that the 1 fiaccident was caused by the intoxication. The burden of proof then is placed upon the employee to prove that the intoxication was not a contributing cause of the accident in order to defeat the intoxication defense of the employer.
*92 (Emphasis added). See also Porche v. S & M Const., 97-923 (La.App. 5 Cir. 4/15/98), 711 So.2d 429; and Williams v. Louisiana Coca-Cola Co., 94-810 (La.App. 5 Cir. 3/1/95), 652 So.2d 108, writ denied 95-0797 (La.5/12/95), 654 So.2d 349.
In the case sub judice, State Trooper Ivy James Woods, testified in his deposition that he investigated the accident- sixteen minutes after receiving the dispatch call. Trooper Woods testified that Lee-man was “very uncooperative and belligerent” when he attempted to ask Leeman questions regarding the accident. Trooper Woods also testified that Leeman’s behavior and the fact that this was a one-vehicle accident caused him to order blood tests to be conducted. Additionally, Trooper Woods testified that he observed “fresh track marks” on Leeman’s arm when the ambulance attendant raise Leeman’s shirt sleeves.
Though Trooper Woods was not certified to examine tractor-trailer accidents, he testified that he did not detect any obvious defects with the tractor-trailer, and he dismissed any allegations that the fifth wheel on the tractor-trailer caused the accident because the truck and the trailer were still connected after the accident. Following his investigation, Trooper Woods testified that he determined Lee-man’s condition to be “drug impaired” due to Leeman’s behavior and the fresh track marks on his arm.
Ir,Karen Young, a representative of the Risk Management Department of Creative Risk Control[1], testified that when Lee-man’s worker’s compensation claim was filed she conducted the investigation for Triple E. Young testified that her investigation revealed that three separate drug screens were taken, and only the drug test that was sent to the Louisiana State Crime Lab in Baton Rouge resulted in a negative reading. Young testified that she consulted with several laboratories and discovered that the drug test that was sent to the crime lab in Baton Rouge resulted in a negative reading because the blood was not tested until three weeks following the accident. Therefore, Young testified that she disregarded the negative reading of the drug test in her investigation, and recommended that Leeman be terminated.
Dr. Brian Heinen, the medical review officer for one of Leeman’s drug screens at Lake Charles Memorial, testified in his deposition that the drug screen he conducted on March 8, 1996 proved positive for cocaine. Dr. Heinen testified that Lee-man, along with several other members of the hospital staff, signed a Chain of Custody and Control form, which indicated that the' drug screen was authorized, and that qualified medical personnel properly monitored the drug screen. Dr. Heinen also testified that the federal government certified Lake Memorial Hospital to conduct the urine test like the one for Leeman[2]. Dr. Heinen further testified that Leeman did not inform him that he used cocaine 14 days prior to the accident. Moreover, Dr. Heinen testified that even if Leeman had used cocaine 14 days prior to his accident, the drug test would not have been positive for cocaine because cocaine only stays in a person’s system for three days. Thus, Dr. Heinen concluded that Leeman’s drug screen was accurate.
|7Pr. Dean Moore, the on-duty neurosurgeon at Lake Charles Memorial Hospital on the date of the accident, testified in his deposition that he examined Leeman after he was admitted to the hospital. However, Dr. Moore testified that the examination was difficult because Leeman was very uncooperative, spoke in expletives, and would not answer any of his questions or comply with any of his requests. Dr. Moore also testified that Leeman’s behavior made him very suspicious; therefore, he asked Dr. Luke Williams, an internal *93 medicine specialist who was on-duty in the Intensive Care Unit on that date, to conduct a drug screen on Leeman. Dr. Williams’ assessment was cocaine intoxication. Dr. Williams also noted prior ven-epuncture with mild subcutaneous ecchy-mosis, (i.e. needle marks on the forearm). The results of the drug screen were positive for cocaine. Though Dr. Moore was not familiar with how Lake Charles Memorial Hospital performed its drug screens, he was confident that the results were accurate, and that the hospital followed all federal regulations.
The employer is entitled to the presumption that his employee’s injury was the result of the employee’s intoxication when there is evidence of either on or off the job use of a controlled substance by the employee. La. R.S. 23:1081(5); Savoy v. Cecil Perry Imp. Co., 96-889 (La.App. 3 Cir.2/5/97), 691 So.2d 692. If the positive drug screen was administered to the worker’s compensation claimant within a reasonable time after the accident, the burden shifts to the worker’s compensation claimant to show that his intoxication was not a contributing cahse of his injury. La. R.S. 23:1081(7) (b).
|sIn the instant case, Leeman authorized both drug screens to be conducted; moreover, he did not dispute the fact that the results were positive for cocaine. Lee-man’s only assignment of error was the trial court found him to be intoxicated even though the blood tests that were sent to the Louisiana State Crime Laboratory in Baton Rouge showed a negative result for drugs.
Notwithstanding the blood tests, we find that the WCJ’s rebanee on the two positive drugs screens, which were conducted on the date of the accident, was a reasonable basis to conclude that Leeman was intoxicated on the date of the accident. Further we find no error in the WCJ’s conclusion that Leeman’s intoxication contributed to his injury. Thus, we affirm the judgment.

DECREE

For the reasons above indicated, the judgment of the Workers’ Compensation Judge dismissing Richard Leeman’s claim for workers’ compensation benefits is hereby affirmed.

AFFIRMED.

. Creative Risk Control was the insurer for Triple E on the date of the accident.

. Dr. Heinen testified that urine test are more accurate than blood tests when testing for the presence of controlled substances.