813 So.2d 529 (2002)
Dirk MEYER
v.
CARR STONE & TILE COMPANY.
No. 2001-CA-1422.
Court of Appeal of Louisiana, Fourth Circuit.
March 13, 2002.
*530 Jeanne Andry Landry, Andry & Andry, L.L.C., New Orleans, LA, for Plaintiff/Appellant.
Patricia McKay Clotiaux, Waller & Associates, Metairie, LA, for Defendant/Appellee.
Court Composed of Judge CHARLES R. JONES, Judge MICHAEL E. KIRBY, and Judge MAX N. TOBIAS, JR.
MAX N. TOBIAS, Jr., Judge.
The plaintiff, Dirk Meyer, appeals a judgment of the Office of Workers' Compensation in favor of the defendants, Carr Stone & Tile Company ("Carr") and its insurer, Travelers Indemnity Company ("Travelers"). The judgment terminated Meyer's workers' compensation benefits pursuant to La. R.S. 23:1208.
Mr. Meyer worked for Carr and helped install tile. On 12 July 1997, he injured his right knee while on the job. He did not immediately report the injury and sought medical treatment two days later. After being diagnosed with a right knee sprain, Mr. Meyer reported the injury to Carr.
On 24 July 1997, Mr. Meyer came under the care of Raul Diaz, M.D., who eventually diagnosed Mr. Meyer with a partial tear of the anterior cruciate ligament ("ACL"). In October 1997, Dr. Diaz performed a diagnostic arthroscopy with a laser multiple compartment synovectomy and ACL stump partial debridement.
The plaintiff continued with knee problems after the surgery. A second knee surgery was performed by Dr. Diaz in February 1998, which consisted of an arthroscopic-assisted *531 anterior ACL reconstruction. Mr. Meyer followed up the surgery with physical therapy. In August 1998, Claude Williams, M.D., saw Mr. Meyer for a second opinion. Dr. Williams reported that Mr. Meyer had a successful anterior ACL reconstruction and good stability of the knee. Dr. Williams indicated that the plaintiff could return to modified work and estimated a 15% permanent partial impairment of the right knee and reported that Mr. Meyer had reached maximum medical improvement. However, Dr. Williams thought that Mr. Meyer would probably need some home rehabilitation for the next several years.
A functional capacity evaluation performed in October 1998, showed that Mr. Meyer demonstrated abilities within the sedentary physical demand category.
Mr. Meyer also claims a back injury as a result of his workers' compensation claim. He testified that shortly before the February 1998 knee surgery, his knee gave out and he fell from the porch of his house. Although his wife was present, she did not see him fall. Mr. Meyer saw Dr. Diaz for his back complaints. Dr. Diaz recommended a steroid injection to alleviate the pain. However, the adjuster handling the claim file for Carr and Travelers would not approve the treatment because she did not believe that the back problem was related to the workers' compensation claim. Mr. Meyer filed a disputed claim for workers' compensation.
The matter was heard by the workers' compensation judge, at which hearing the defendants submitted, inter alia, Mr. Meyer's deposition and surveillance videos. After considering all the evidence and testimony, the workers' compensation judge found that, while Mr. Meyer had sustained an injury during the course and scope of his employment with Carr, he had forfeited his right to the payment of benefits pursuant to La. R.S. 23:1208.
On appeal, Mr. Meyer asserts that the trial court erred in its application of La. R.S. 23:1208 and that it erred in failing to award him penalties and attorney's fees for the defendants' arbitrary and capricious failure to pay reasonable and necessary medical expenses.
La. R.S. 23:1208 provides in part:
§ 1208. Misrepresentations concerning benefit payments; penalty
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
* * * * *
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
The only requirements for forfeiture of benefits under Section 1208 are: a false statement or representation that is willfully made for the purpose of obtaining or defeating any benefit or payment under the workers' compensation law. Resweber v. Haroil Construction Company, 94-2708, 94-3138, p. 11 (La.9/5/95), 660 So.2d 7, 14. Section 1208 is a broadly worded statute that applies to any false statements or representations, including those concerning prior injuries, and the employer need not show that it has been prejudiced as a condition of forfeiture. Id. If the requirements are met, Section 1208 applies and its forfeiture provisions must be enforced. Id.
Statutory forfeiture is a harsh remedy and must be strictly construed. Hernandez v. ESKCO, Inc., 00-0174 (La. *532 App. 4 Cir. 11/17/00), 773 So.2d 865. False statements that are inadvertent or inconsequential will not result in forfeiture. Id.
Mr. Meyer testified at his 19 August 1999 deposition that he was only cutting his own grass and that of his disabled next-door neighbor. However, at trial, Mr. Meyer admitted that he cut the grass of several other individuals and helped someone re-tile his house, although he denied receiving any money for his labor. He did, however, acknowledge that one person for whom he cut grass repaid him by taking him fishing. Mr. Meyer also testified that he would fish on his own boat and was capable of casting a four-foot cast net.
The defendants introduced into evidence two surveillance tapes, which showed Mr. Meyer performing a variety of activities over a two-year period. These tapes demonstrate that Mr. Meyer is capable of cutting grass and using a weed eater, lifting lawn mowers and outboard motors, bending at the waist, pulling in and casting fishing nets, and pulling boats.
The deposition of Mr. Meyer's treating physician, Dr. Diaz, was also filed into the record at the trial. In his testimony, Dr. Diaz is told of the various activities in which Mr. Meyer is engaged on the videotapes. Dr. Diaz testified that he would have wanted to know that Mr. Meyer was performing these activities because some of them might actually aggravate his condition and, "certainly it is important to know that, too, because maybe he can do a little bit more than I think he can do in terms of getting back to work."
The defendants submitted to the workers' compensation judge ample evidence that Mr. Meyer made false statements at his deposition and to his own treating physician for the purpose of obtaining workers' compensation benefits for his back injury. His statements do not appear to be inadvertent or inconsequential as he claims. These statements center directly on Mr. Meyer's physical condition and his ability to work.
Mr. Meyer testified at trial that the misstatements were made during his deposition because that was all he could remember at the time. The judge listened to all the testimony and reviewed the surveillance tapes. By implication, the judgment indicates that the judge did not believe Mr. Meyer's testimony, thereby forfeiting his compensation benefits pursuant to La. R.S. 23:1208. Because ample evidence is present in the record to support the judge's decision, the finding of forfeiture is neither manifestly erroneous nor clearly wrong. This assignment is without merit.
Because we affirm the judgment of the workers' compensation judge, we do not address the second assignment of error.
For the reasons set forth above, we affirm the judgment below; all costs of this appeal are assessed against the plaintiff, Mr. Meyer.
AFFIRMED.