EDWIN A. LOMBARD, Judge.
kThe claimant, Phillip Negri, Jr., appeals a judgment of the Office of Workers’ Compensation (OWC), dismissing his claim with prejudice. After review of the record in light of the applicable law and arguments of the parties, the OWC judgment is affirmed.

Relevant Facts and Procedural History

On June 9, 2006, the claimant was injured during the course and scope of his employment when he fell several floors from the roof of a building. At the time of the accident, the plaintiff was employed by Bruce Russell, a subcontractor for defendant/appellee, Authement Construction, Inc., the general contractor for condominiums located at Julia Place in New Orleans, Louisiana. Immediately after the accident, the claimant was transported to the LSU Trauma Center where an initial urine screening test was positive for cocaine. The claimant’s second (confirmatory) test was positive for cocaine, cocaine metabolites, and methadone.
On July 6, 2006, the plaintiff filed a claim for workers’ compensation benefits, naming Authement as his statutory employer. The matter came to trial before a workers’ compensation judge (the WCJ) in December 2008, and after taking the matter under advisement, the WCJ issued a final judgment on January | ¾14, 2009, finding that the claimant knowingly and willfully testified untruthfully regarding his use of an illegal drug on the date of the accident, as well as other relevant matters, *1073 for the purpose of obtaining workers’ compensation and thereby forfeited his right to compensation benefits pursuant to La. Rev.Stat. 23:1208. The WCJ also found that Authement proved by a preponderance of the evidence that the claimant was intoxicated by cocaine at the time of the accident, that the cocaine intoxication was the cause of the accident, and that the claimant failed to rebut the evidence of intoxication.
The claimant appeals this judgment, assigning as error the WCJ’s (1) presumption that cocaine intoxication was the cause of the accident in light of the fact that the urinalysis screen revealed both cocaine and medically prescribed methadone; (2) finding that.the claimant’s testimony was willfully and knowingly untruthful pertaining to his drug use on the day of the accident and other relevant matters; and (3) failure to award the reimbursement of the claimant’s medical expenses pursuant to La. Rev.Stat. 23:1081(13), as well as a penalty and attorney fees for the failing to timely pay medical expenses. According to the claimant, the two issues before the court on appeal are:
(1) Considering the positive result for two controlled substances in the claimant’s post-accident urine screen, was the presumption of cocaine intoxication as the causation of the accident reasonable when defendant Authement’s toxicologist “verified” that “the cocaine and methadone were the causative factor”.
(2) Because Authement was aware of the claimant’s addiction problem as well as his methadone treatment and did not undertake measures to protect itself or the claimant, did Authement passively “encourage its use during the employee’s work hours?”
| Standard of Review
The appropriate standard of review to be applied by this court to the Office of Workers’ Compensation judge’s findings of fact is the manifest error standard. Dean v. Southmark Construction, 03-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117. Accordingly, we will not set aside the findings of the WCJ unless they are clearly wrong in light of the record viewed in its entirety. Id. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed upon review, even where this court may feel that its own evaluations and inferences are as reasonable, ie., this court will not reverse the findings of the WCJ even if convinced that, as the trier of fact, it would have weighed the evidence differently. Id.; see also Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706 (the trial court’s factual finding should be given great weight and should not be overturned absent manifest error).

Applicable Law

La. Rev.Stat. 23:1081(l)(b) provides that no compensation shall be allowed for an injury caused “by the injured employee’s intoxication at the time of the injury, unless the employee’s intoxication resulted from activities which were in pursuit of the employer’s interests or in which the employer procured the intoxicating beverage and encouraged its use during the employee’s work hours.”

Discussion

First, the claimant contends that the WCJ erred in finding cocaine intoxication as the cause of the accident because, as revealed by the confirmation test, methadone was also present in his urine. This argument, although novel, is without merit. Contrary to the claimant’s assertion that he did not use illegal drugs on the *1074 day of the accident, expert testimony established that the test results ^indicating both metabolized (cocaine metabolites) and unmetabolized cocaine in the claimant’s urine upon admission to the ER makes it more likely than not that the claimant ingested cocaine sometime after 7:00 a.m. on the day of the accident.
There is no foundation to the claimant’s assertion that because he was under the influence of legally prescribed methadone at the time of the accident, the WCJ erred in finding cocaine as the cause of the accident. Pursuant to La. Rev.Stat. 23:1081, once the employer met the burden of proving the claimant was intoxicated at the time of the accident, the presumption is that the accident was caused by the intoxication and the burden shifts to the claimant to prove that “the intoxication was not a contributing cause of the accident in order to defeat the intoxication defense of the employer.” La. Rev.Stat. 23:1081 (emphasis added). Thus, the issue is not (as the claimant suggests) whether cocaine was the sole cause of the accident, but whether the intoxication defense was defeated with proof that cocaine intoxication was not a contributing cause of the accident.
The claimant’s assertion that because he worked almost and an entire shift under the influence of cocaine and methadone, the accident which occurred at the end of the shift was necessarily a “pure accident” is meritless. Likewise, there is no foundation for the claimant’s contention that because Authement was aware of his addiction problem and methadone treatment and took no protective measures, Authement passively encouraged its use. Nothing in the record indicates that Authement was aware that the claimant (working for a subcontractor and injured the first day on the jobsite) had drug problems and, in any event, Authement clearly did not procure the intoxicants and the claimant did not use intoxicants in pursuit of Authement’s interests.
|BThe claimant asserts that the judgment must be overturned because the WCJ heard conflicting expert testimony as whether the test results indicated cocaine use on the day of the accident and because his denial of using on drugs on the day of the accident was not made for the purpose of obtaining compensation benefits. However, the record supports the WCJ’s finding that the claimant used cocaine on the day of the accident and that he made false statements about his cocaine use in order to obtain compensation benefits and, accordingly, the OWJ finding cannot be manifestly erroneous. See Dean v. Southmark Construction, 879 So.2d at 117 (reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed upon review).
Finally, the claimant argues that pursuant to La. Rev.Stat. 23:1081(13) the employer is responsible for the costs of medically stabilizing an injured worker despite a finding of intoxication and, accordingly, the WCJ erred in not ordering Authement to pay medical expenses of $247,777.10.[1]
La. Rev.Stat. 23:1081(13) provides:
In the event a health care provide delivers emergency care to an injured worker later presumed or found to be intoxicated under this Section, the employer shall be responsible for the reasonable medical care provided the work *1075 er until such time as he is stabilized and ready for discharge from the acute care facility, at which time the employer’s responsibility shall end for medical and compensation benefits.
There is, however, no indication in the record that this issue was raised below. Because this court does not address issues raised for the first time on appeal, we pretermit any discussion of the applicability of La. Rev.Stat. 23:1081(13) to this case.

16Conclusion

For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
BONIN, J., Concurs with Written Reasons.

. The claimant was initially treated at LSU Trauma Center for a fractured arm and, subsequently, the arm became infected, requiring additional surgeries. The claimant does not indicate what portion of his medical expenses relates to initial stabilization under the statute or whether the emergency room expenses were paid on behalf of the claimant.