EDWIN A. LOMBARD, Judge.
hThe defendants, Excelsior Endeavors and Development, Inc. and Louisiana Homebuilders Association, appeal the judgment of the Office of Workers’ Compensation granting the plaintiff, Shane Spence, his claim for benefits under the Louisiana Workers’ Compensation Act. The Workers’ Compensation Judge (the WCJ) ruled that the plaintiff had overcome the presumption of intoxication and that the plaintiff had not violated the provision *466 of La.Rev.Stat. 23:1208. After a thorough review of the record and evidence, we find that the WCJ’s findings are not manifestly eironeous. Accordingly, we affirm the judgment.

Relevant Facts and Procedural History

On July 1, 2011, the plaintiff sustained multiple severe injuries during the course and scope of his employment when he fell approximately thirty feet to the ground from a scaffold. At the time of the accident, the plaintiff was employed by Excelsior Endeavors and Development, Inc., a general contractor for the premises located at 924 Royal Street in New Orleans, Louisiana. Immediately after the ^accident, the plaintiff was transported to the hospital where a drug screening test was positive for Dihydroeodeine, Hydrocodone, and Oxycodone.
The plaintiff filed a claim for workers’ compensation benefits against his statutory employer, Excelsior Endeavors and Developments, Inc., and its insurer, Louisiana Homebuilders’ Association. The defendants denied his claim raising the defense of intoxication. After a hearing, the WCJ found that the plaintiff successfully rebutted the presumption of intoxication. The plaintiff was awarded temporary total disability benefits and medical expenses. The defendants appeal this decision of the WCJ.

Law and Discussion

On appeal, the defendant assigns as error: (1) the WCJ’s finding that the plaintiff carried his burden of proof to overcome the presumption of intoxication; and (2) the WCJ’s finding that the plaintiff did not violate the provisions of La.Rev.Stat. 23:1208.

Standard of Review

The appropriate standard of review to be applied by this court to the Office of Workers’ Compensation Judge’s findings of fact is the manifest error standard. Negri v. Authement Construction, Inc., 09-0584, p. 3 (La.App. 4 Cir. 10/14/09) 28 So.3d 1071, 1073; citing Dean v. Southmark Construction, 03-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117. Accordingly, we will not set aside the findings of the WCJ unless they are clearly wrong in light of the record viewed in its entirety. Id.
13Under the manifest error/clearly wrong standard of review, the appellate court need only determine whether - the factfinder’s conclusion was a reasonable one. Leeman v. Triple E Transport, Inc., 99-0229 (La.App. 4 Cir. 6/30/99) 744 So.2d 89, 91. Where two permissible views of the evidence exist, a factfinder’s choice between the two views can never be manifestly erroneous or clearly wrong. See Stobart v. State of Louisiana, Through Dep’t Of Transp. & Dev., 617 So.2d 880 (La.1993).

Applicable Law

Pursuant to Louisiana Revised Statute 23:1081(l)(b), an employee is not entitled to workers’ compensation benefits for an injury caused by the employee’s intoxication. La.Rev.Stat. 23:1081 presents two separate rebuttable presumptions that apply in intoxication cases. First, the employee is presumed to be intoxicated'if there was, at the time of the employee’s accident, evidence of either on-the-job or off-the-job use of a non-prescribed substance. La.Rev.Stat. 23:1081(5). Once the employer has proven that the employee was intoxicated, the second presumption arises, that such intoxication caused the accident. Id. At that point, the burden of proof shifts to the employee to prove that the intoxication was not a contributing cause of the accident. Id. If he does so, the intoxication defense of the employer is defeated.
*467 In their first assignment of error, the defendants contend that the WCJ erred in finding that the plaintiff carried his burden of proof to overcome the presumption of intoxication. The defendants established the plaintiffs intoxication by presumption, based on the positive drug screening results. Accordingly, the burden shifted to the plaintiff to show that his intoxication was not a contributing cause of his accident.
14At the hearing, the plaintiff testified that he had not taken any medication in the recent days before the accident. On the day of the accident, he was tasked with spraying the wall with water, which caused the scaffold to become wet and slippery over the course of the day. The plaintiff stated that prior to the accident, he ascended and descended the scaffold several times throughout the morning without incident. He was also able to comprehend and follow the instructions provided by his supervisor and did not receive any complaints that he was unable to perform his work.
The testimony of Wayne Aubert, the plaintiffs co-employee and immediate supervisor, was admitted by deposition at trial. Mr. Aubert testified that he was present at all times with the plaintiff on the morning of the accident. He stated that there was nothing to indicate to him that the plaintiff was under the influence of any drugs, as the plaintiff was alert and obeyed instructions.
Mercedes Whiteeloud, the owner of the building where the plaintiff and Mr. Au-bert were working, testified through her deposition testimony that she arrived at the site several times a day. She stated that she observed the plaintiff always performing the work as he was required to do and never showed any sign of impairment or any sign of improper judgment.
After considering the presented testimony, the WCJ stated that, “[i]t is the Court’s opinion that even though the drug screen showed positive, the actions of the employee before and after the accident had nothing to do with intoxication. Again, there exists no other evidence to remotely indicate intoxication was caused by or contributed to the horrific fall and injuries suffered by Spence [the plaintiff].” Thus, the WCJ found that that the plaintiff successfully met his burden in rebutting the presumption of intoxication.
|,Jn reviewing the facts found by the trial court, the appellate court must do more than simply review the record for some evidence which supports or controverts the trial court’s findings; it must instead review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. Stobart v. State of Louisiana, Through Dep’t of Transp. & Dev., 617 So.2d 880, 882 (La.1993). Based upon this court’s review of the record, we find that the WCJ’s conclusion that the plaintiff’s alleged intoxication was not a contributing cause of his accident is supported by the record. Accordingly, we find that the WCJ did not commit manifest error in finding that the plaintiff successfully met his burden in rebutting the presumption of intoxication.
In their second assignment of error, the defendants contend that the WCJ erred in finding that the plaintiff did not violate the provisions of La.Rev.Stat. 28:1208. The defendants contend that the plaintiff made false representations either in his deposition testimony or at trial to explain the scientific evidence and obtain benefits.
Misrepresentation and forfeiture under the Workers’ Compensation Act are regulated by La.Rev.Stat. 23:1208 which states, in pertinent part:
*468 A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
[[Image here]]
|fiB. Any employee violating this Section shall, upon determination by [the] workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.
Louisiana Revised Statute 23:1208 authorizes forfeiture of benefits upon proof that (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Bell v. Mid City Printers, Inc., 10-0818, p. 17 (La.App. 4 Cir. 12/22/10), 54 So.3d 1226, 1237.
The issue of whether an employee has forfeited his right to workers’ compensation benefits is a factual question that should not be disturbed on appeal absent manifest error. Id. “In determining whether a statement is willful, the courts have considered whether statements made by a claimant are merely inadvertent or inconsequential. Inadvertent or inconsequential statements will not rise to a finding of willful misstatement, triggering statutory penalties.” Stanich v. Canal Entertainment, 09-0707, p. 3 (La. App.4 Cir. 11/12/09), 26 So.3d 269, 272; citing Hernandez v. ESCKO, Inc., 00-0174, p. 3 (La.App. 4 Cir. 11/15/00), 773 So.2d 865, 867.
In this case, the WCJ determined that “[t]he allegations brought by the defendant of fraud against the employee have fallen short of illustrating any intentional misrepresentations .... ” We agree.
A review of the record indicates that there is a discrepancy between the plaintiffs statements made by the deposition testimony and statements made at trial. Although the defendants provided speculation as to why the plaintiff made erroneous statements, the defendants failed to present evidence to show that the |7plaintiff made any intentional or willful misrepresentation for the purpose of obtaining compensation benefits. Therefore, we find no manifest error in the WCJ’s conclusion that the defendants failed to carry its burden on this issue.

Conclusion

Based on the foregoing, we find no error in the WCJ’s findings. Accordingly, we affirm the WCJ’s judgment in its entirety.
AFFIRMED